Filed 8/23/21  In re J.L. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.L., et al., Persons Coming Under the Juvenile Court Law.<br>_____<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>R.L.,<br><br>     Defendant and Appellant. | H048843<br>(Monterey County Super. Ct. Nos. 20JD000082, 20JD000083, 20JD000084, 20JD000085) |

**THE COURT**[1]

Appellant, R.L., appeals from a dispositional order made as to his children, A.L., J.L., M.L. and N.L.  Respondent, Monterey County Department of Social Services (Department) and R.L. jointly move for a summary reversal of the order.  The parties agree that the trial court failed to comply with the Indian Child Welfare Act (ICWA), and request that we remand the matter to the trial court for the limited purpose of determining compliance with ICWA notice requirements.  We grant the motion and reverse the order pursuant to the stipulation of the parties.

---

[1] Before Greenwood, P.J., Grover, J. and Danner, J.

# I. PROCEDURAL BACKGROUND

In September 2020, R.L. reported to a social worker that the children might have Chippewa ancestry. The Department knew by October 27, 2020, that the paternal grandmother, M.Z., reported having Native American ancestry with a Chippewa tribe. Although she was not a registered member, the great-grandmother and great-great-grandfather were registered members of a Chippewa tribe in Minnesota. Despite this information, the trial court did not continue the November 24, 2020 dispositional hearing to determine compliance with ICWA. Instead, the court made findings and entered an order regarding R.L.'s children, A.L., J.L., M.L., and N.L. This timely appeal ensued. After R.L. filed his opening brief, the parties jointly moved for summary reversal.

## II. DISCUSSION

On appeal, R.L. contends that the orders must be reversed and the matter remanded for the limited purpose of allowing the trial court to determine whether the Department complied with the notice requirement of ICWA. R.L. concludes in his opening brief that if after proper inquiry and notice, the trial court finds that ICWA does not apply, the court's dispositional order can be reinstated. (*In re N.D.* (2020) 46 Cal.App.5th 620, 624.) Without conceding the merits of the various arguments on appeal, the parties acknowledge that the juvenile court erred when it conducted the dispositional hearing without verifying compliance with the notice provisions of ICWA. The parties agree that this court is likely to reverse the trial court's orders because of its failure to comply with ICWA. To minimize delay, they request that we reverse based on their stipulation.

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same

2

position they would be in if the appeal were successfully prosecuted to completion, would save both private and judicial resources because it would obviate the need for further briefing by the parties and review of the record by this court, and most importantly would minimize delay in permanency for the children. Both public policy and the public interest are served by these outcomes.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties agree that the trial court missed a critical step in the process, but they also agree that if the matter is remanded for ICWA compliance, the prior dispositional order can be reinstated after ensuring such compliance and making the proper findings. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties recognize and acknowledge errors and agree to resolve them with limited delay. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.    DISPOSITION

The November 24, 2020 dispositional order is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court for the limited purpose of determining compliance with ICWA. If the court determines that the requirements of ICWA have been met, the court shall reinstate the order issued after the November 24, 2020 dispositional hearing. The remittitur shall issue forthwith.